# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KESHAWN JENNINGS, | ) | CASE NO. 3:16CV119 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ROSS CORRECTIONS, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. No. 16 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Keshawn Jennings ("Jennings") filed objections to the R&R. (Doc. No. 17 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001), this Court has made a *de novo* determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Jennings's objections, adopts the R&R in its entirety, and dismisses Jennings's petition for a writ of habeas corpus.

## I. BACKGROUND

Jennings filed his habeas petition to challenge his 2013 state court convictions for murder, aggravated murder, attempted murder, felonious assault, and improperly discharging a firearm into a habitation. In his R&R, the magistrate judge summarized the factual predicate for these offenses, as determined by the state court, as well as Jennings's efforts to appeal his convictions in state court. While Jennings appears to raise an improper general objection to the

entire contents of the R&R, Jennings has demonstrated no error in the magistrate judge's summary and, as such, the Court will not reiterate those background facts herein. (*See* Obj. at 2270.[1]) The magistrate judge further sets forth the proper legal standard for habeas review, including the procedural requirements a petitioner must meet in order to have his claims reviewed in federal court. Though Jennings takes issue with the magistrate judge's finding that several of his claims are procedurally defaulted, the Court finds that the standards are properly represented, and the Court will also accept those portions of the R&R as if rewritten herein.

In the present habeas petition that followed the proceedings in state court, Jennings raised eight grounds for relief:

> GROUND ONE: Whether the trial court erred to prejudice Mr. Jennings by failing to excuse a sleeping juror violating due process right to 5th, 6th, & 14th Amendment[s] to U.S. Constitution.
>
> GROUND TWO: Whether trial counsel rendered ineffective assistance of counsel by failing to object to the sleeping juror[']s presence on the jury violating [Jennings's] right to counsel, and [a] fair trial [in violation of the] 5th, 6th, and 14th amendments to the united States constitution and portions of the Ohio Constitution.
>
> GROUND THREE: Whether the trial court erred to the prejudice of Mr. Jennings by ordering consecutive sentences and by failing to merge all counts as allied offenses in violation of due process [in violation of the] 5th, 6th, and 14th amendments to the U.S. Constitution and Ohio Constitution.
>
> GROUND FOUR: Whether right to due process violated by 5th, 6th, and 14th amendment[s] to the U.S. Constitution when court prejudice[d] Mr. jennings by den[ying] motion to have a complete copy of prosecutor's file turned over to court and sealed for appellate review.
>
> GROUND FIVE: Appellant wa[s] prejudice[d] by admitting perjured testimony from State's witness and star witness James T. Moore, in violation of Article 1, 2, 10, and 16 of the Ohio Constitution and the 6th, and 14th Amendments of the

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

> U.S. Constitution.
>
> GROUND SIX: Whether Appellant was denied due process and right to effective assistance of counsel on appeal, when counsel fails to raise an obvious and meritorious identification procedures and, improper police procedure issues on appeal. violations of 5th, 6th, and 14th amendments of the U.S. Constitutytion [sic].
>
> GROUND SEVEN: Whether Appellant was denied due process and right to effective assistance of counsel on appeal whe[n] counsel fail[ed] to assign an error according to the N.C.R. report, fingerprint examination is not supported by peer-review[], as well as D.N.A. and is unreliable evidence, and unreliable testimony.
>
> GROUND EIGHT: Whether Appellant's cumulative errors deprive[d] him of a fair trial in violation of his right under the 5th, 6th, and 14th amendment[s] to to [sic] the U.S. Constitution and the corresponding provisions of the Ohio Constitution.

(Doc. No. 1 (Petition) at 5-10; Doc. No. 1-1 (Supplement) at 16-17) (Unless otherwise noted, all capitalization and punctuation in original.)

The magistrate judge found the first four grounds to be procedurally defaulted because Jennings "fail[ed] to raise them before the Supreme Court of Ohio." (R&R at 2262.) He found the fifth ground for relief, relating to the admission of purported perjured testimony, to be defaulted, as well. While noting that Jennings "did present this issue to the Supreme Court of Ohio in his appeal from the Ohio appellate court's ruling on direct appeal, he did not raise this claim to the Ohio appellate court." (*Id.* at 2263.)

The magistrate judge reached the merits of the sixth and seventh grounds for relief, both relating to allegations of ineffectiveness of trial counsel, but he recommended that the Court dismiss these claims for want of sufficient particularity to permit federal habeas review. (*Id.* at 2264-67.) The magistrate judge recommended dismissal of the eighth ground—cumulative error—because such claims are not cognizable on habeas review. (*Id.* at 2268.)

## II. GENERAL OBJECTIONS

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Jennings's objections are contained in a fifteen (15) page long stream of consciousness discussion of constitutional concepts and phraseology that is nearly incomprehensible. Buried within this discourse is the representation that he "objects to all points, [g]rounds and [recommendation[s] made by the magistrate [judge]." (Obj. at 2270.) Such a general objection is improper. Failure to present specific arguments is fatal at this junction, where objections must be

specific in order to obtain *de novo* review and avoid waiver on appeal. *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (the purpose of objections "is to provide the district court with the opportunity to consider specific contentions of the parties and to correct any errors immediately[,]" as well as "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute[]") (quotation marks and citation omitted). To the extent that his objections simply represent his general disagreement with the magistrate judge's suggested resolution of his petition, the objections are DENIED.

Notwithstanding the lack of focus and confusing nature of his filing, the Court has made every effort to ascertain the precise nature of Jennings's specific objections and has construed his objections liberally, given that Jennings is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) ("hold[ing] [*pro se* pleadings] to less stringent standards than formal pleadings drafted by lawyers[]"); *but see Neitzke v. Williams*, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("the liberal pleading standard of *Haines* applies only to . . . factual allegations . . . [not] legal theories[]"). The burden remains on Jennings, not the Court, to make the case for his objections.

### III. PROCEDURAL DEFAULT

At the outset, Jennings takes issue with the magistrate judge's general determination that a petitioner must comply with state procedural requirements before presenting his claims on federal habeas review. However, it is well settled that a state prisoner cannot receive federal habeas review of a claim that has been procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (When a petitioner's claim is denied in state court "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim,

that claim is procedurally defaulted and may not be considered by the federal court on habeas review.") Where a petitioner's claim is procedurally defaulted, he may obtain habeas review of the claim "only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Id*.

   A. **Plain Statement Rule**

Citing *Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989), Jennings appears to be attempting to invoke the "plain statement" rule to reach the merits of his first five causes of action. (*See* Obj. at 2270-71.) In *Harris*, the Supreme Court explained:

> a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a statue procedural bar.

*Id*. at 263 (quoting, among authority, *Michigan v. Long*, 463 U.S. 1032, 1041, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983)).

Here, the first four grounds for relief were not rejected in the state courts upon the application of a state procedural bar. Instead, Jennings raised these claims on direct review, and the state appellate court rejected each claim on the merits. *See State v. Jennings*, No. L-13-1178, 2015 WL 223882, at *3-10 (Ohio Ct. App. Jan. 16, 2015). Jennings failed, however, to raise these claims on appeal to the Ohio Supreme Court. A failure to present a federal habeas claim to a state's highest court for discretionary review, when that review is part of the ordinary appellate review procedures, results in a procedural default of that claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Accordingly, these claims are procedurally defaulted unless Jennings can demonstrate cause and prejudice, and the plain statement rule finds

6

no application.

While Jennings raised the fifth ground—relating to the alleged admission of perjured testimony—before the Ohio Supreme Court, the magistrate judge found this ground procedurally defaulted because Jennings failed to first raise the claim on direct appeal. (R&R at 2263.) The Ohio Supreme Court dismissed Jennings's appeal without explanation. *State v. Jennings*, No. 2015-0352, 30 N.E.3d 975 (Table) (Ohio May 20, 2015). "However, a federal court may 'look through' an unexplained order to the last reasoned state court judgment and presume that the Ohio Supreme Court's unexplained order rests on the same grounds as the reasoned judgment." *Eskridge v. Konteh*, 88 F. App'x 831, 837 (6th Cir. 2004). "Where a state supreme court issued an unexplained order dismissing claims that were never addressed in judgments by lower state courts, [the court] may invoke an applicable state procedural bar on behalf of the state supreme court." *Id*. In *Eskridge*, the court assigned the Ohio procedural rule that claims not raised before the Ohio appeals court are defaulted as the reason the Ohio Supreme Court dismissed the petitioner's appeal and concluded that the ground was procedurally defaulted and could not be raised on habeas review without a showing of cause and prejudice. *Id*. at 837-38.

Similarly, here, the Court will apply the mandatory rule in Ohio that claims not raised before the Ohio court of appeals are defaulted. *See State v. Issa*, 752 N.E.2d 904, 920 (Ohio 2001) ("Appellant failed to raise this issue below and thereby waived it.") As the magistrate judge aptly noted, the Sixth Circuit has found Ohio's law of res judicata barring claims not raised on direct appeal as an adequate and independent state procedural ground for rejecting a claim. *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). Accordingly, the Court cannot reach the merits of the first five grounds for relief unless Jennings can demonstrate cause and prejudice, or that "a

7

miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Seymour*, 224 F.3d at 550.

### B. Actual Innocence

In his rambling objections, Jennings makes occasional reference to a claim of "actual innocence." (*See, e.g.,* Obj. at 2272, 2273-78.) He also offers the conclusory assertion that he "had nothing to do with these children getting injured, [He's] innocent, completely innocent[.]" (*Id*. at 2283.) The Court will interpret these references as a challenge to the magistrate judge's conclusion that Jennings has failed to demonstrate a fundamental miscarriage resulting in the conviction of one who is actually innocent of the underlying offenses. *See Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004).

In support of his assertion of actual innocence, Jennings relies on his allegation that a juror was sleeping during the trial, his belief that the sentence he received was illegal, and the fact that the State's star witness received a reduced sentence in exchange for his testimony. However, "'[a]ctual innocence' means factual innocence, not mere illegal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Jennings's complaints about the sufficiency of the trial evidence and the legitimacy of his sentence do not demonstrate that this is the "extraordinary case where the petitioner demonstrates his actual innocence." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing, among authority, *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

Nonetheless, Jennings invites the Court to reweigh the evidence offered at trial to determine whether the State met its burden of demonstrating his guilt beyond a reasonable doubt.

He offers his unsupported conclusions that the police lied at trial and that the trial judge was biased. He notes that these issues "may raise serious questions of credibility[.]" (Obj. at 2278.) He also offers to take a lie detector and seeks leave to provide evidence of his actual innocence at a later date.[2] (*Id*. at 2277, 2282.) However, at the federal habeas level, the burden is on Jennings to demonstrate a credible actual innocence claim, and neither unsupported accusations nor promises of future evidence can satisfy that burden. *See Gardner v. Mcclaren*, No. 13-CV-15051, 2014 WL 5481324, at *7 (E.D. Mich. Oct. 29, 2014) (noting that attacks on a witness's credibility rarely, if ever, establish actual innocence) (collecting cases). He has, therefore, failed to make a credible showing "that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 385, 135 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013) (quotations marks and citation omitted). Because Jennings failed to meet his burden of advancing a credible actual innocence claim, the Court agrees with the magistrate judge that Grounds One through Five are procedurally barred. Jennings's objections as to these grounds are OVERRULED.

### IV. MERITS RECOMMENDATIONS

Jennings offers no specific objection to the magistrate judge's recommended resolution of the remaining grounds for relief. The Court has reviewed the magistrate judge's recommendations, and finds that they represent well-reasoned applications of the governing law to the record on habeas review. Accordingly, any general objections Jennings lodges as to the recommended resolution of Grounds Six through Eight are OVERRULED.

---

[2] Jennings does not identify the evidence he would offer, or explain how it would support an actual innocence claim.

## V. CONCLUSION

For all the foregoing reasons, the R&R is ACCEPTED and the petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED. Further, for these same reasons, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 4, 2019

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**